## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MANUEL HECTOR CHACON-LOZANO,

    Plaintiff,

vs.                                    No. CIV 20-1122 JB/GBW

DEPARTMENT OF CORRECTIONS,
JIM COWAN, *Assistant District Attorney*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Plaintiff Manuel Hector Chacon-Lozano's Prisoner Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed October 30, 2020 (Doc. 1)("Complaint"); and (ii) his Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed October 30, 2020 (Doc. 2)("IFP Motion"). Chacon-Lozano is incarcerated in Lea County Correction Facility in Hobbs, New Mexico, and is proceeding pro se. He seeks money damages on the ground that his state criminal sentence is illegal. See Complaint at 2-3 (no paragraph numbering). Having carefully reviewed the matter under 28 U.S.C. § 1915A and rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court concludes Chacon-Lozano's claims are barred as a matter of law. The Court therefore: (i) denies the IFP motion; (ii) dismisses with prejudice all federal claims; (iii) dismisses without prejudice any state law claims; (iv) will enter a separate judgment closing the civil case; and (v) the Clerk's Office shall mail the Plaintiff a form 28 U.S.C. § 2254 petition and a form in forma pauperis motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Chacon-Lozano is a state inmate at the Lea County Correctional Facility. See Complaint at 1. According to the Complaint, a state jury convicted Chacon-Lozano of unspecified crimes in

the Santa Fe County First Judicial District Court in the State of New Mexico.   <u>See</u> Complaint at

2.   The state criminal docket reflects that the convictions include two counts of kidnapping, three

counts of criminal sexual contact of a child under thirteen, two counts of witness intimidation, and

one count of enticement of a child.   <u>See</u> Amended Judgment, Sentence, Commitment, and

Transfer Order, filed October 7, 2008 in the First Judicial District Court, Santa Fe County, State

of New Mexico, Case No. D-117-CR-2003-00125 ("Amended Judgment").   The state docket

entries are subject to judicial notice.   <u>See</u> <u>United States v. Ahidley</u>, 486 F.3d 1184, 1192 n.5 (10th

Cir. 2007)(explaining that courts have "discretion to take judicial notice of publicly-filed

records . . . and certain other courts concerning matters that bear directly upon the disposition of

the case at hand"); <u>Stack v. McCotter</u>, No. 02-4157, 2003 WL 22422416, at *1 (10th Cir. Oct. 24,

2003)(unpublished)(concluding that a state district court's docket sheet was an official court record

subject to judicial notice under rule 201 of the Federal Rules of Evidence);[1] <u>Van Duzer v. Simms</u>,

No. CV 18-0405 JB/LF, 2018 WL 2138652, at *1, n.1 (D.N.M. May 9, 2018)(Browning, J.).

(explaining that courts may take judicial notice of New Mexico state criminal dockets).

The state court sentenced Chacon-Lozano to a total term of thirty-two years imprisonment.

<u>See</u> Amended Judgment at 4.   In the Complaint, Chacon-Lozano appears to allege that the

---

[1] The Court cites <u>Stack v. McCotter</u>, and other unpublished cases herein by the United States Court of Appeals for the Tenth Circuit, to the extent their reasoned analysis is persuasive in the case before it.   <u>See</u> 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

<u>United States v. Austin</u>, 426 F.3d 1266, 1274 (10th Cir. 2005).

sentence includes an aggravating-circumstance enhancement under N.M.S.A. § 31-18-15.1(D), but Defendant Assistant District Attorney ("ADA") Jim Cowan failed to notify him about the enhancement five days before trial or before the sentencing hearing.  See Complaint at 2-4. Chacon-Lozano alleges that the last-minute enhancement rendered the sentence illegal and that the state court should have declared a mistrial.  See Complaint at 2-4.  Chacon-Lozano also believes: (i) Cowan knowingly and willfully violated the pretrial notification procedure for sentence enhancements; (ii) Cowan acted with "deliberate indifference to [Chacon-Lozano's] sentence that was illegally imposed"; and (iii) Cowan improperly sought various extensions in response to Chacon-Lozano's state habeas filings.  Complaint at 2-4.  Chacon-Lozano may intend to argue that, had he known about the potential enhancement, he would have entered a plea.  See Complaint at 2-4.

Construed liberally, the Complaint raises civil rights claims under 42 U.S.C. § 1983; the Fourth Amendment of the Constitution of the United States of America; the Fourteenth Amendment to the United States Constitution; and the New Mexico Constitution.  See Complaint at 1-6.  The Complaint also makes a passing reference to a civil claim for false imprisonment, but this cause of action also is predicated on the theory that Chacon-Lozano is being held pursuant to an illegal sentence.  See Complaint at 3.  Chacon-Lozano seeks $150,000.00 in damages from two Defendants: Cowan and the New Mexico Corrections Department ("NMCD").  See Complaint at 1, 6.  Chacon-Lozano also seeks leave to proceed in forma pauperis, i.e., he seeks the ability to prosecute this action without prepaying the federal filing fee.  See IFP Motion at 1.

The Court referred the matter to the Honorable Gregory Wormuth, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders.  See Order of

Reference in Prisoner Cases, filed November 2, 2020 (Doc. 3).   Before the case proceeds further, the Court will screen the Complaint to determine whether it survives initial review and states a cognizable federal claim under rule 12(b)(6).

### LAW REGARDING INITIAL REVIEW OF PRISONER COMPLAINTS

Section 1915A of Title 28 requires the Court to conduct a sua sponte review of all civil complaints where the plaintiff is incarcerated and raises claims against state officials.   See 28 U.S.C. § 1915A.   The Court must dismiss any pro se prisoner civil rights complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted."   28 U.S.C. § 1915A.   The Court also may dismiss a complaint sua sponte under rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile."   Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(quotations omitted).   In other words, the same standard of review applies under rule 12(b)(6) and § 1915A.

Rule 12(b)(6) tests the "sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."   Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(citing Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)).   The sufficiency of a complaint is a question of law, and when reviewing the complaint, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.   See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007)("[O]nly '[i]f a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts' would the defendant prevail on a motion to dismiss.")(quoting Makor Issues & Rights, Ltd. v. Tellabs, Inc, 437 F.3d 588, 602 (7th Cir. 2006)); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of

resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.")(citing <u>Moore v. Guthrie</u>, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, yet "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 555 (citations and footnote omitted).

To survive rule 12(b)(6) review, a plaintiff's complaint must contain sufficient "facts that, if assumed to be true, state a claim to relief that is plausible on its face." <u>Mink v. Knox</u>, 613 F.3d 995, 1000 (10th Cir. 2010)(citing <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678 (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 556). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted). The Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct,

much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."   The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(McConnell, J.)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

In conducting the initial review, the pro se prisoner's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."   Hall v. Bellman, 935 F.2d at 1110.   If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, . . . confusion of various legal theories,   . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements."   Hall v. Bellman, 935 F.2d at 1110.   At the same time, however, pro parties must file a legible pleading that complies with rule 8 of the Federal Rules of Civil Procedure.   See Fed. R. Civ. P. 8(a).   That rule requires: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a).   "It is not the role of . . . the court . . . to sort through a lengthy . . . complaint and voluminous exhibits . . . to construct plaintiff's causes of action."   McNamara v. Brauchler, 570 Fed. App'x 741, 743 (10th Cir. 2014)(citations omitted).   See Pola v. Utah, CIV No. 11-4040, 2012 WL 292272, * 1 (10th Cir. Feb. 1, 2012)(affirming dismissal of complaint that "included everything but the kitchen sink").   Allowing such pleadings to survive screening "would force the Defendants to carefully comb through" various documents "to ascertain which . . . pertinent allegations to which a response is warranted."   McNamara v. Brauchler, 570 Fed. App'x at 743.

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.   Section 1983 creates only the right of action; and it does not create any substantive rights; substantive rights must come from the Constitution or from a federal statute. See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 did not create any substantive rights, but merely enforces existing constitutional and federal statutory rights  . . . .")(internal quotation marks, alteration, and citation omitted).   Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violates the claimant's federally protected rights.   To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law.   See West v. Atkins, 487 U.S. 42, 48 (1988).   The Court has noted:

> [A] plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Public School Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(quoting Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002)).

The Supreme Court has clarified that, in alleging a § 1983 action against a government agent in his or her individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."   Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).   Consequently, there is no respondeat superior liability under § 1983.   See Ashcroft v. Iqbal, 556 U.S. at 675 ("Because vicarious liability is inapplicable to

<u>Bivens</u> and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); <u>Bd. of Cty. Comm'rs v. Brown</u>, 520 U.S. 397, 403 (1997).   Entities cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor.   <u>See</u> <u>Monell v. Dep't of Social Servs. of City of New York</u>, 436 U.S. 658, 689 (1978).   Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts.   <u>See</u> <u>Barney v. Pulsipher</u>, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability.   <u>See</u> <u>Martinez v. Carson</u>, 697 F.3d 1252, 1255 (10th Cir. 2012)(quoting citing 42 U.S.C. § 1983 and <u>Trask v. Franco</u>, 446 F.3d 1036, 1046 (10th Cir. 2006)). The Tenth Circuit also recognizes that <u>Ashcroft v. Iqbal</u> limited, but did not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations. <u>See</u> <u>Garcia v. Casuas</u>, No. CIV 11-0011 JB/RHS, 2011 WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing <u>Dodds v. Richardson</u>, 614 F.3d 1185, 1199 (10th Cir. 2010)).   The language that may have altered the landscape for supervisory liability in <u>Ashcroft v. Iqbal</u> is: "Because vicarious liability is inapplicable to <u>Bivens</u>[2] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."   <u>Ashcroft v. Iqbal</u>, 556 U.S. at 676.   The Tenth Circuit in <u>Dodds v. Richardson</u> stated:

---

[2]In <u>Bivens</u>, the Supreme Court held that a violation of the Fourth Amendment of the Constitution "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct."   403 U.S. at 389.

> Whatever else can be said about Iqbal, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution . . . ."

614 F.3d at 1199.   The Tenth Circuit has noted, however, that "Iqbal may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case." Dodds v. Richardson, 614 F.3d at 1200.   It concluded that Ashcroft v. Iqbal has not altered "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis." Dodds v. Richardson, 614 F.3d at 1200.   More specifically, the Tenth Circuit recognized that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct.'" Dodds v. Richardson, 614 F.3d at 1200-01 (quoting Rizzo v. Goode, 423 U.S. 362, 371 (1976)).

The specific example that the Tenth Circuit used to illustrate this principle is Rizzo v. Goode, 423 U.S. 362 (1976), where the plaintiff sought to hold a mayor, a police commissioner, and other city officials liable under § 1983 for constitutional violations that unnamed individual police officers committed.   See Dodds v. Richardson, 614 F.3d at 1200 (citing Rizzo v. Goode, 423 U.S. at 371).   The Tenth Circuit noted that the Supreme Court in that case found a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "'crush the nascent labor organizations.'" Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

## LAW REGARDING IMMUNITY OF COURT OFFICERS

Absolute immunity bars civil rights and state law claims against judicial officers acting as

judges.   See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Christensen v. Ward, 916 F.2d 1462, 1473-76 (10th Cir. 1990).   It is well settled that the doctrine of judicial immunity applies 42 U.S.C. § 1983 actions.   See Van Sickle v. Holloway, 791 F.2d 1431, 1434-35 (10th Cir. 1986). Absolute immunity bars all suits for money damages for acts made in the exercise of judicial discretion.   See Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006).

The Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status require complete protection from suit.   See Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982).   The purpose of absolute judicial immunity is:

> to benefit the public, "whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." Pierson v. Ray, 386 U.S. 547, 554 (1967).   The Supreme Court has recognized that "the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus."   Butz v. Economou, 438 U.S. 478, 512 (1978).   Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation.

Van Sickle v. Holloway, 791 F.2d at 1434-35.

This immunity extends to prosecutors, who are entitled to immunity in the performance of their prosecutorial functions.   See Imbler v. Pachtman, 424 U.S. 409, 430 (1976).   The common law long has recognized that prosecutors must be given immunity from civil liability's chilling effects.   See Burns v. Reed, 500 U.S. 478, 485 (1991).   Prosecutors are immune absolutely from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process."   Imbler v. Pachtman, 424 U.S. at 430.   This immunity protects prosecutorial actions that include initiating a prosecution, presenting the State's case, evaluating evidence, determining whether probable cause exists, and conducting plea negotiations.   See Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1490 (10th Cir. 1991); Nielander v. Board of County Comm'rs., 582 F.3d 1155, 1164 (10th Cir. 2009).

Although public defenders and defense attorneys do not enjoy the same immunity as judges and prosecutors, they likewise cannot be sued under § 1983.   A plaintiff can succeed only in a § 1983 action where the defendant acts under color of state law.   See West v. Atkins, 487 U.S. at 48.   The Supreme Court specifically has held that a public defender does not act under color of state law when acting as counsel to a defendant in a criminal proceeding.   See Polk County. v. Dodson, 454 U.S. 312, 315 (1981).   The rule also extends to "counsel [that] is privately retained." Vermont v. Brillon, 556 U.S. 81, 91 (2009).   As the Supreme Court explained: "Once a lawyer has undertaken the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program." Vermont v. Brillon, 556 U.S. at 91 (quoting Polk County v. Dodson, 454 U.S. at 318).   See Dunn v. Harper County, 520 Fed. App'x. 723, 725-26 (10th Cir. 2013)("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant.").   Thus, a plaintiff cannot recover damages from his state defense lawyer, even if the representation was inadequate, because "the conduct" is not "chargeable to the state."   Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983).

## LAW REGARDING HECK V. HUMPHREY'S BAR

The Heck v. Humphrey, 512 U.S. 477 (1994) doctrine "avoids allowing collateral attacks on criminal judgments through civil litigation."   McDonough v. Smith, 139 S. Ct. 2149, 2157 (2019).   In Heck v. Humphrey, 512 U.S. at 487, the Supreme Court addresses the question when a prisoner may bring a § 1983 claim relating to his conviction or sentence.   The Court held that, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or of his

sentence.  See Heck v. Humphrey, 512 U.S. at 487.   If the judgment would invalidate a sentence or conviction, the complaint must be dismissed with prejudice.   Heck v. Humphrey, 512 U.S. at 487.   Similarly, although in some circumstances a prospective injunction may be available under Section 1983, the Heck v. Humphrey doctrine also bars declaratory and injunctive relief to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence. See Wilkinson v. Dotson, 544 U.S. 74, 80-81 (2005).   See also Edwards v. Balisok, 520 U.S. 641 (1997).

**ANALYSIS**

The Complaint asserts civil rights claims against Cowan, who sought allegedly a last-minute sentencing enhancement in Chacon-Lozano's state criminal case, and the NMCD, which continues to imprison Chacon-Lozano, despite the allegedly illegal sentence.   See Complaint, at 2-4.   The Complaint primarily asserts federal constitutional claims, which must be analyzed under § 1983 -- the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights."   Brown v. Buhman, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016).   The Complaint also appears to raise a due process claim under the New Mexico Constitution.   See Complaint at 3. The Court will evaluate whether the Complaint states a cognizable federal claim before considering whether to exercise supplemental jurisdiction over any state law claims.

I.   **THE COMPLAINT FAILS TO STATE A COGNIZABLE 42 U.S.C. § 1983 CLAIM, BECAUSE CHACON-LOZANO'S CLAIMS AGAINST NMDC AND COWAN ARE BARRED.**

Chacon-Lozano cannot recover properly under § 1983, for several reasons.   As an initial matter, the Defendants are not subject to liability under that statute.   Relief is available under § 1983 only when the wrongdoing is attributable to a "'person' acting under color of state law." McLaughlin v. Bd. of Trustees, 215 F.3d at 1172.   It is well settled that "Defendant New Mexico

Department of Corrections is not a 'person' subject to suit under § 1983." Blackburn v. Dep't of Corr., 172 F.3d 62, at *1 (10th Cir. 1999)(citing Arizonans for Official English v. Arizona, 520 U.S. 43, 68-69 (1997)); and Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989)). The Court must therefore dismiss all federal claims against NMCD.

 Chacon-Lozano's claims against Cowan are also barred.   As noted above, prosecutors are absolutely immune from suit for actions "taken in connection with the judicial process."   Imbler v. Pachtman, 424 U.S. 409, 431 (1976).   This includes initiating a prosecution, presenting evidence, and -- as relevant here -- participating in sentencing proceedings. See Nielander v. Board of County Comm'rs., 582 F.3d at 1164; Blair v. Osborne, 777 Fed. App'x 926, 929 (10th Cir. 2019)(immunity applies to prosecutor's improper "statements at the sentencing hearing"). Chacon-Lozano, therefore, cannot recover from Cowan, even if he failed to timely disclose his intention to seek a sentence enhancement or sought various continuances in the post-conviction proceeding.

 Even if Chacon-Lozano could successfully sue the Defendants, Heck v. Humphrey, 512 U.S. at 487, bars the § 1983 claims.   As noted above, Heck v. Humphrey requires the Court to dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of an existing conviction or sentence.   See 512 U.S. at 487.   The state criminal docket reflects that Chacon-Lozano's criminal judgment has not been vacated and remains intact. See Case No. D-117-CR-2003-00125 Docket Sheet in Santa Fe County First Judicial District Court, State of New Mexico (reflecting that the state court denied post-conviction relief in 2016, and that a new state habeas petition is still pending).   Compensating Chacon-Lozano for any illegal sentence certainly would imply that the state criminal judgment is invalid.   See Denney v. Werholtz, 348 Fed. App'x 348, 351 (10th Cir. 2009)(affirming application of Heck v. Humphrey

to § 1983 claim challenging an "indeterminate [state] sentence"); <u>Baldwin v. O'Connor</u>, 466 Fed.

App'x 717, 717 (10th Cir. 2012)(<u>Heck v. Humphrey</u> barred § 1983 monetary claims "alleging

violations of . . . constitutional rights by . . . the deputy district attorney").   For these reasons, the

Complaint does not state a federal claim upon which relief can be granted under rule 12(b)(6) and

28 U.S.C. § 1915A, and the Court will dismiss all federal claims.

## II.   THE COURT DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS.

In addition to the federal § 1983 claims, the Complaint also alleges that the Defendants

violated the New Mexico Constitution, and, in particular, his due process rights in the criminal

proceeding.   <u>See</u> Complaint at 3.   Section 1367(a) of Title 28 provides that "district courts shall

have supplemental jurisdiction over all . . . [state law] claims that are so related to claims in the

action within such original jurisdiction that they form part of the same case or controversy under

Article III of the United States Constitution."   28 U.S.C. § 1367(a).   A district court may decline

to exercise jurisdiction when:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4).

With respect to subsection (3), the Tenth Circuit has reiterated that federal courts should

generally decline to exercise supplemental jurisdiction when no federal claims remain.   <u>See</u>

<u>Bauchman v. W. High Sch.</u>, 132 F.3d 542, 549 (10th Cir. 1997); <u>Brooks v. Gaenzle</u>, 614 F.3d

1213, 1229-30 (10th Cir. 2010).   Having determined all federal claims are barred-on-arrival, the

Court will follow the general rule and decline to exercise supplemental jurisdiction over Chacon-

Lozano's state law claims.   The Court will dismiss the state law claims without prejudice for lack

of jurisdiction.

### III.   THE COURT DECLINES TO SUA SPONTE INVITE AN AMENDMENT TO THE COMPLAINT AND WILL DENY THE IFP MOTION AS MOOT.

Pro se prisoners are normally to be given an opportunity to remedy defects associated with their federal claims.   See Hall v. Bellmon, 935 F.2d at 1110.   Courts need not invite an amendment, however, when any amended complaint would also be subject to dismissal under rule 12(b)(6).   See Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004).   Here, amending the § 1983 claims would clearly be futile.   As a matter of law, Chacon-Lozano cannot recover money damages under § 1983 from the parties responsible for his state sentence.   The Court also cannot modify a state sentence in a § 1983 action.   Challenges to a state sentence must be brought in a 28 U.S.C. § 2254 habeas proceeding.   See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997).   The Court therefore declines to sua sponte order an amendment and will dismiss the federal law claims with prejudice, and the state law claims without prejudice. The Court will also deny Chacon-Lozano's IFP Motion as moot, as prepayment of the filing fee is no longer relevant.

Finally, the Court notes that, if Chacon-Lozano wishes to challenge the constitutionality of his state conviction in federal court, or argue that he did not receive due process as a result of the sentence enhancement, he should file a 28 U.S.C. § 2254 habeas proceeding.   The Clerk's Office will mail him a form § 2254 petition and a form in forma pauperis motion.

**IT IS ORDERED** that: (i) the Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed October 30, 2020 (Doc. 2), is denied as moot; (ii) all federal claims asserted in the Plaintiff's Prisoner Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed October 30, 2020 (Doc. 1), are dismissed with prejudice; (iii) the Court dismisses any state law claims without prejudice; (iv) the Court will enter a separate judgment closing the civil case;

and (v) the Clerk's Office shall mail the Plaintiff a form 28 U.S.C. § 2254 petition and a form in forma pauperis motion.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Manuel Hector Chacon-Lozano
Lea County Correctional Facility
Hobbs, New Mexico

   *Pro se plaintiff*